JOSEPH COMAR, PLAINTIFF, v. KELLY & McALINDEN COMPANY, DAVID R. KIPP AND FRANK P. STRYKER AND LESTER H. STRYKER, PARTNERS, TRADING AS STRYKER & STRYKER, DEFENDANTS.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TRENCHARD and LLOYD.

For the rule, *Charles Stockdell Gray.*

*Contra, Quinn, Parsons & Doremus.*

PER CURIAM.

The action in this case was by Joseph Comar against the three defendants to recover damages for personal injuries. There was a verdict in his favor against all of the defendants, and Kelly & McAlinden Company and Kipp have a rule for new trial. The reasons filed are that the judge should have controlled the case by nonsuit or direction of a verdict in favor of the defendants; that there was error in rulings on evidence and in refusal to charge as requested by defendants.

There was no way in which the judge could have controlled the case by deciding it himself. There was clear proof of negligence on the part of Kipp, the driver of the Kelly-McAlinden truck, and therefore on the part of his employer. The accident resulted from a collision between the Stryker truck in which the plaintiff was riding and a telegraph pole along the state highway near Laurence Harbor, caused, it was claimed, by the negligence of the driver of the McAlinden truck. The plaintiff's version of the occurrence was that a stop street (so marked) called the Lawrence Parkway entered the state highway from his right, and that as plaintiff was proceeding on the night of the accident, the Kelly-McAlinden truck came out of that street without warning and forced the Stryker truck to swerve to its left to avoid it and caused the collision with the pole.

The contention of the Kelly-McAlinden Company and Kipp was that at the time of the accident the Kelly-McAlinden truck was standing in front of the post office off the highway near the Matawan road, was not at the time on the latter road, and that it did not move from its standing position until after the accident. This presented a question for the jury and not for the court.

While the defendants argue that a portion of the charge and denial of a request for instruction to the jury were erroneous and that the verdict was against the weight of the evidence, no reasons under the rule to show cause covering these phases of the case have been filed. We have nevertheless examined the points argued and find the criticisms of the

charge to be without merit and that no request for instruction appears in the state of the case.

On the weight of the evidence the proofs amply justified the jury's finding.

The rule for new trial is discharged.